**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CORENE D. CARTER a/k/a/ CORENE BROWN,**

**Plaintiff,**

**v.** **5:10-CV-690 (FJS/TWD)**

**CITY OF SYRACUSE SCHOOL DISTRICT, DANIEL LOWENGARD, JOHN DITTMAN, JILL STEWART, JOHN DOE(S), and JANE DOE(S),**

**Defendants.**

---

| **APPEARANCES** | **OF COUNSEL** |
| --- | --- |
| **BOSMAN LAW FIRM, LLC**<br>6599 Martin Street<br>Rome, New York 13440<br>Attorneys for Plaintiff | **A.J. BOSMAN, ESQ.**<br>**DANIEL W. FLYNN, ESQ.** |
| **FERRARA, FIORENZA, LARRISON, BARRET, & REITZ, P.C.**<br>5010 Campuswood Drive<br>East Syracuse, New York 13057<br>Attorneys for Defendants | **ERIC J. WILSON, ESQ.**<br>**MILES G. LAWLOR, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Currently before the Court is Defendants' motion to strike Plaintiff's amended complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. *See* Dkt. No. 36-2.

## II. BACKGROUND

### A. Alleged workplace discrimination and retaliation[1]

Plaintiff, an African-American female, has worked as an English teacher for Defendant School District since 1988. *See* Dkt. No. 34 at ¶¶ 10, 21. In January 2007, Plaintiff requested and received a transfer to a high school teaching position at Defendant School District's Institute of Technology. *See id.* at ¶ 22. Plaintiff claims that two co-workers at the Institute of Technology regularly interrupted her class and that she reported these interruptions to Defendant Dittman. *See id*. at ¶¶ 23-24. According to Plaintiff, Defendant Dittman agreed that Plaintiff's race and gender motivated this conduct but refused to take corrective action. *See id*. at ¶ 24. Plaintiff further alleges that Defendant Dittman selected a Caucasian co-worker, who lacked teaching credentials, to instruct an advanced English class, despite her request for the position. *See id.* at ¶ 26. In December 2007, Plaintiff submitted a written complaint regarding these incidents; and, within approximately one week, Defendants allegedly stripped her teaching responsibilities for all but a few students. *See id.* at ¶ 27.

When Plaintiff returned to teach at the Institute of Technology for the 2008-2009 school year, students allegedly informed her that school administrators questioned them about her performance and invited them to complain. *See id.* at ¶ 29. Plaintiff also claims that her co-workers made racially disparaging comments to students throughout the school year. *See id.* at ¶ 30. For example, one teacher allegedly told students that then-Presidential-candidate Barack Obama would never be President because he was Black. *See id.* When Plaintiff complained

[1] The Court has drawn the following facts from the allegations in the amended complaint. *See* Dkt. No. 34.

about this discriminatory treatment to Randy Williams, the Director of Personnel for Defendant School District, he allegedly told her to "dig her heels in." *See id.* at ¶ 31.

Additionally, Plaintiff alleges that she complained to Defendant Lowengard about various acts of alleged racial and gender discrimination. *See id.* at ¶ 32. According to Plaintiff, Defendant Lowengard responded that she was "hard to get along with" and not a "team player and he refused to take remedial action. *See id.* Defendant Dittman allegedly did not take Plaintiff's complaints seriously and offered her no solution or assistance. *See id.*

In March 2009, Defendant Stewart observed Plaintiff teaching a tenth grade class. *See id.* at ¶ 33. Plaintiff alleges that Defendant Stewart issued a "sham evaluation" of her performance. *See id.* Plaintiff complained to Ben Frazier, Vice Principal of the Institute of Technology; and he purportedly told her that such adverse treatment was due to her race and gender. *See id.* at ¶ 34. As a result of Defendant Stewart's evaluation, Plaintiff was placed on an "Assistance Plan for Improvement," which made her "ineligible to participate in such programs as 'Master Teacher', causing her a loss of income." *See id.* at ¶ 35.

As a result of Defendants' alleged discriminatory and retaliatory actions, Plaintiff claims that she received psychiatric treatment and medication for work-related stress. *See id.* at ¶ 36.

On April 27, 2009, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("DHR") and the United States Equal Employment Opportunity Commission ("EEOC"), alleging unlawful race discrimination. *See id.* at ¶ 37. Thereafter, Plaintiff alleges that Defendants "escalated their efforts to harm [her] by constantly contacting her at home knowing that she was out ill and sending certified mail to her residence." *See id.* at ¶ 38.

Although Plaintiff began teaching at the Institute of Technology for the 2009-2010 school year, she commenced an extended leave of absence on October 26, 2009. *See id.* at ¶¶ 39-40. Plaintiff's treating psychiatrist allegedly ordered this leave because of her work-related stress. *See id.* at ¶ 40.

On August 24, 2010, Plaintiff claims that her treating psychiatrist authorized her to return to work. *See id.* at ¶ 41. Plaintiff requested a transfer to another school, per her psychiatrist's recommendation. *See id.* at ¶¶ 41-42. Defendant School District, however, only offered Plaintiff her previous position at the Institute of Technology. *See id.*

**B. Memorandum-Decision and Order dated March 19, 2012**

On June 14, 2010, Plaintiff commenced the instant action against Defendants, alleging fifteen (15) causes of action for unlawful employment discrimination.[2] *See* Dkt. No. 1. On April 29, 2011, Defendants moved for judgment on the pleadings and/or for summary judgment with regard to all of Plaintiff's claims. *See* Dkt. No. 17. Plaintiff cross-moved to amend the complaint, proposing to add factual allegations and three new causes of action. *See* Dkt. No. 24.

On March 19, 2012, the Court issued a Memorandum-Decision and Order ("Order"), which (1) preserved the third cause of action in its entirety; (2) preserved the seventh cause of action against Defendants Dittman and Stewart but dismissed without prejudice against Defendant Lowengard; (3) dismissed the eighth cause of action without prejudice against Defendant School District; and (4) dismissed the remaining twelve causes of action with prejudice. *See* Dkt. No. 32 at 34-35. Additionally, the Court granted Plaintiff's motion to

[2] On September 9, 2009, at Plaintiff's request, the DHR dismissed her administrative complaint so that she could pursue her claim in federal court. *See* Dkt. No. 34 at ¶ 7. Thereafter, on March 16, 2010, the EEOC issued a Notice of Right to Sue letter relating to Plaintiff's race discrimination charge. *See* Dkt. No. at 2. This action followed.

amend, allowing her to add the proposed factual allegations and replead the two causes of action dismissed without prejudice. *See id.*

On May 3, 2012, Plaintiff filed an amended complaint, which reiterated the causes of action that the Court had dismissed with prejudice and renamed Defendants School District and Lowengard as Defendants. *See* Dkt. No. 35. Consequently, Defendants brought the instant motion to strike the amended complaint. *See* Dkt. No. 36.

## III. DISCUSSION

### A. Standard of review

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "'An allegation is "impertinent" or "immaterial" when it is neither responsive nor relevant to the issues involved in the action.'" *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012) (quotation omitted). Although "[c]ourts 'possess considerable discretion in weighing 12(f) motions,' . . . 'motions to strike are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation, . . .'" *G.L.M. Sec. & Sound, Inc. v. Lojack Corp.*, No. 10-CV-4701, 2012 U.S. Dist. LEXIS 142549, *19 (E.D.N.Y. Sept. 28, 2012) (internal quotations and other citations omitted).

### B. Causes of action previously dismissed with prejudice

Defendants move to strike the amended complaint because it contains the causes of action that the Court dismissed with prejudice. *See* Dkt. No. 36-2 at 6-7. Defendants argue that these previously-dismissed causes of action are immaterial to Plaintiff's action as it presently stands. *See id.* Defendants further assert that keeping these claims in the amended complaint

will confuse witnesses as to which claims are at issue and lead to discovery disputes between the parties. *See* Dkt. No. 36-2 at 7; Dkt. No. 42 at 2.

The Court grants Defendants' motion to strike the amended complaint because the twelve causes of action that the Court dismissed with prejudice are immaterial to the merits of Plaintiff's instant action as it stands after the Order.[3][4] Although Plaintiff denies reviving those causes of action dismissed with prejudice, the Court reaffirms its prior dismissal of those claims with prejudice for the reasons set forth in the Order.

**C. Defendants School District and Lowengard**

Defendants also move to strike the amended complaint because it includes Defendants School District and Lowengard as named parties, even though the Court previously dismissed all claims against them. *See* Dkt. No. 36-2 at 6-7. Plaintiff responds, however, that she has properly included these Defendants in the amended complaint because the Court's previous Order allowed her to replead the seventh cause of action against Defendant Lowengard and the eighth cause of action against Defendant School District. *See* Dkt. No. 40 at 10. Plaintiff further argues that she has included new factual allegations under the seventh and eighth causes of action that relate to Defendants School District and Lowengard. *See id.*

Initially, Defendants are correct that the Court's previous Order dismissed all claims against Defendants School District and Lowengard. *See* Dkt. No. 32 at 34-35. The Court,

[3] Although the Court did not explicitly direct Plaintiff to submit an amended complaint that excluded the claims dismissed with prejudice, such is implicit from the Court's ruling.

[4] To the extent Plaintiff asserts that she repled the dismissed claims to preserve her rights for appeal, the Court rejects such an argument as unnecessary and disingenuous. *See Gorham-DiMaggio v. Countrywide Home Loans, Inc*., No. 1:08-CV-019, 2009 U.S. Dist. LEXIS 52078, *21-*23 (N.D.N.Y. June 19, 2009) (citing *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004)) (other citations omitted).

however, did not dismiss all of those claims with prejudice. *See id.* The Court provided Plaintiff with the opportunity to amend the seventh cause of action as to Defendant Lowengard and the eighth cause of action as to Defendant School District. *See id.* A review of the amended complaint demonstrates that Plaintiff has indeed repled these claims with additional factual allegations against Defendants School District and Lowengard. *See* Dkt. No. 34 at ¶¶ 32-47.[5]

Accordingly, the Court denies Defendants' motion to strike the amended complaint on this ground.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to strike the amended complaint is **GRANTED IN PART** and **DENIED IN PART**; and the Court further

**ORDERS** that Plaintiff shall file a second amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order that includes only the following causes of action: (1) cause of action pursuant to New York State Human Rights Law against Defendants Dittman and Stewart (currently the third cause of action); (2) cause of action pursuant to 42 U.S.C. § 1983 against Defendants Dittman, Stewart, and Lowengard (currently the seventh cause of action); and (3) cause of action pursuant to 42 U.S.C. § 1983 against Defendant School District (currently the eighth cause of action); and the Court further

[5] Notably, because Defendants have not moved to dismiss the seventh and eighth causes of action, as amended, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court does not address whether these amended claims against Defendants School District and Lowengard are viable. The only issue before the Court is whether the amended complaint asserts any claims against Defendants School District and Lowengard.

**ORDERS** that this matter is remanded to Magistrate Judge Dancks for all further pretrial matters.

**IT IS SO ORDERED**.

Dated: March 15, 2013
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge