## SETTLEMENT AGREEMENT AND RELEASE

THIS settlement agreement and release (hereinafter, "Agreement") is entered into by and between Corene D. Carter a/k/a Corene Brown (hereinafter, "Carter" or "Corene D. Carter"), and the City of Syracuse School District (hereinafter, the "School District").

WHEREAS, by Complaint filed on June 14, 2010, Carter commenced a civil action in the United States District Court for the Northern District of New York, assigned Index No.: 5:10-CV-690 (hereinafter, referred to as the "Action") against the School District, Daniel Lowengard (hereinafter, "Lowengard"), John Dittman (hereinafter, "Dittman"), and Jill Stewart (hereinafter, "Stewart"); and

WHEREAS, the School District and Carter desire to settle the Action on mutually agreeable terms, in order to avoid the time, expense, and uncertainty of further litigation; and

WHEREAS, no party hereto is an infant or an incompetent person.

The parties stipulate and agree to settle the Action on the following terms:

1. Carter, in consideration of the sum of five hundred thousand dollars and no cents ($500,000.00) to be paid by the School District, under the terms hereof, does, upon the receipt of said five hundred thousand dollars and no cents ($500,000.00) as provided in paragraph 2 hereof, hereby remise, release and forever discharge the School District, and the School District's current, future, and former Board of Education members successors, assigns, staff, officers, and agents, including, but not limited to, the School District, Lowengard, Dittman, and Stewart (hereinafter referred to as the "School District Releasees") of and from the claims, action, suit, causes of action, demands and

1

damages identified in and sought/and or which could have been sought to be recovered in the Action.

Of the above mentioned five hundred thousand dollars and no cents ($500,000) settlement payment made to Carter, twenty-two thousand, five hundred and eight dollars and ninety cents ($22,508.90) is for backpay, and of the above mentioned five hundred thousand dollars and no cents ($500,000) settlement payment, four hundred and seventy seven thousand, four hundred and ninety-one dollars and ten cents ($477,491.10) the payment made to Carter is for damages for personal physical injuries, physical sickness, emotional distress/illness, and harm to reputation.

The School District makes no representations concerning the taxability of the settlement payments provided for herein, and Carter agrees that she has not relied upon such representations. Carter agrees that she is solely responsible for any applicable taxes of any nature (including any penalties or interest that may apply to such taxes) for the payment that the School District makes to Carter pursuant to this Agreement. The School District shall bear no responsibility for any taxes Carter may incur as a result of the payment made to Carter in compromise of the Action.

2. Provided that the School District has been provided with a copy of this Agreement signed by Carter, together with a Stipulation of Discontinuance (in the form attached hereto as Exhibit "A") with Prejudice pertaining to the Action signed by Carter's legal counsel, which discontinues the Action as against all defendants in the Action with prejudice, and a W-9 form for the Bosman Law, LLC, by January 25, 2022, the School District shall, no later than February 17, 2022, forward a fully executed copy of this Agreement and the $477,491.10 payment, as indicated in paragraph 1 above, via

2

check made payable to Bosman Law, LLC, as attorneys for Corene D. Carter and a check for back wages less withholding, directly to Corene Carter, in full satisfaction of the School District's payment obligations hereunder.

3. As indicated above, in advance of receipt of the above settlement funds, counsel for Carter shall provide counsel for the School District with a Stipulation to discontinue the Action with prejudice executed by Carter's counsel. The School District's legal counsel shall hold the Stipulation to discontinue the action, signed by Carter's counsel, in escrow and not file it unless and until the above settlement funds are paid in full as provided for above.

4. Carter's entering into this Agreement represents a settlement and compromise of a disputed claim and/or claims and is not to be considered an admission of any fact or of any liability. It is further understood and agreed that this Agreement represents a settlement and compromise of a disputed claim and/or claims and that the payment of the consideration herein above-mentioned is not to be considered an admission of any fact or of any liability by any party, such liability being expressly denied, and that the payment made by the School District hereunder and the discontinuance of the Action referenced above with prejudice is merely to avoid the time, expense, and uncertainty of legal proceedings respecting such matters.

5. **Waiver and Release of Rights to Sue.** Carter hereby waives and releases the School District Releasees from any and all liability, claims or causes of action whatsoever, in both their official capacities and individually, that were or could have been asserted in the Action, in existence up until the effective date of this Agreement,

3

except that nothing in this Agreement shall preclude either party from taking any legal actions necessary to enforce the terms of this Agreement.

6. **Capacity.** Carter and the School District acknowledge that they have been represented by counsel in regard to this Agreement. Carter and the School District acknowledge that they understand the terms hereof and had an opportunity to ask, and have answered, any questions that they had in regards thereto, that they have been fully and fairly represented, are fully satisfied with such representation, and enter into this Agreement of their own free will, and without coercion or undue influence of any kind whatsoever.

7. **Governing Laws.** This Agreement shall be governed by and construed under the laws of the State of New York. The U.S. District Court for the Northern District of New York shall be the venue of any action or proceeding arising from or related to this Agreement.

8. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and shall supersede all previous negotiations, commitments, and writings. It shall not be released, discharged, changed or modified except by an instrument in writing signed by each of the parties. The Schoold District hereby represents that they have the authority to execute this agreement on behalf of the individuals Lowengard, Stuart, and Dittman.

9. **Severability.** Should any provision of this Agreement be held by a court of competent jurisdiction to be enforceable only if modified, or if any portion of this Agreement shall be held as unenforceable and thus stricken, such holding shall not affect the validity of the remainder of this Agreement, the balance of which shall continue to be

4

binding upon the parties with any such modification to become a part hereof and treated as though originally set forth in this Agreement.

In any event, should one or more of the provisions of this Agreement be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof, and if such provision or provisions are not modified as provided above, this Agreement shall be construed as if such invalid, illegal or unenforceable provisions had not been set forth herein.

10. **Effective Date.** This Agreement shall take effect immediately on the date that it has been signed by both Carter and the School District, i.e., the date that the last party to sign the Agreement actually signs it which shall be no later than January 24, 2022. Further, any reference in this Agreement to the "date of this Agreement" refers to the Effective Date, i.e., the date that the last party to sign the Agreement actually signs it.

11. **Knowing and Voluntary Waiver of Claims by Releasor.** By signing this Agreement, Carter and the School District acknowledge and agree that:

    a. they have consulted with an attorney with respect to this Agreement and are satisfied with their representation;

    b. they been afforded a reasonable and sufficient period of time for review, for deliberation thereon, and for negotiation of the terms of this Agreement and the waiver and release of claims contained herein;

    c. they have carefully read and understand the terms of this Agreement, all of which have been fully explained to them;

   d. they have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; and

   e. the only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made by any person or entity whatsoever to cause either party to sign this Agreement.

  12. **Assignment of Claims.** Carter hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone or any entity claims, action or cause of action based upon or connected in any way any of the matters released herein.

  13. **Attorneys' Fees and Costs.** The Parties agree that each side shall bear its own attorneys' fees and costs with respect to all legal matters or actions referenced in or related to this Agreement.

  14. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. This Agreement may be executed by a signature delivered electronically, by facsimile or by the use of Adobe portable document format, which shall be deemed the same as an original signature. This Agreement shall not be binding until all signatories have signed.

  **IN WITNESS WHEREOF**, the undersigned parties hereto have executed this Agreement on the date(s) set forth below.

6

By: *[signature]* DATE: 1/20/2022

CORENE D. CARTER a/k/a Corene Brown

In the presence of:

STATE OF NEW YORK
COUNTY OF Onondaga   ss.:

On 1/20, 2022, before me personally came Corene D. Carter to me known, and known to me to be the individual described in, and who executed the foregoing Agreement, and duly acknowledged by me that she executed the same.

*[signature]*
[Notary Public]

ANTHONY TOTEDA
NOTARY PUBLIC STATE OF NEW YORK
MADISON COUNTY
LIC. #01TO6419849
COMM. EXP. 07/19/2025

SCHOOL DISTRICT

By: *[signature]* DATE: 1/21/22
Name and
Title: Superintendent

In the presence of:

STATE OF NEW YORK
COUNTY OF Onondaga   ss.:

On January 21, 2022, before me personally came *[Corene Carter]* to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement & Release, and duly acknowledged by me that he executed the same.

Jaime Alicea

Theresa M. Piraino

*[signature]*
[Notary Public]

THERESA M. PIRAINO
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Onondaga County
01PI6388612
MY COMMISSION EXPIRES MARCH 11, 2023

7



EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT

CORENE D. CARTER, a/k/a
CORENE BROWN

        Plaintiff,

   vs.

THE CITY OF SYRACUSE SCHOOL DISTRICT,
DANIEL LOWENGARD, JOHN DITTMAN, JILL
STEWART, and John Dittman, and JOHN DOE(S)
AND JANE DOE(S),

        Defendants.

STIPULATION OF VOLUNTARY
DISCONTINUANCE PURSUANT
TO F.R.C.P. 41(a)(1)(A)(ii) &
LOCAL RULE 41.3
Civil Action:
5:10-cv-00690-DNH-TWD

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the respective parties herein, that no party hereto is an infant, or incompetent and no person not a party has an interest in the subject matter of the action, the above captioned action be and the same is hereby voluntarily discontinued with prejudice pursuant to F.R.C.P. 41(a)(1)(A)(ii) and Local Rule 41.3.

Dated: January 20, 2022

A.J. Bosman, Esq.
BOSMAN LAW FIRM, LLC
*Attorneys for Plaintiff*
*Corene D. Carter a/k/a/ Corene Brown*
3000 McConnellsville Road,
Blossvale, New York 13308
Telephone: (315) 820-4417
Fax: (315) 820-4449
E-mail: anthony@bosmanlaw.net

Dated: January 21, 2022

/s/ Charles E. Symons
Charles E. Symons, Esq.
**FERRARA FIORENZA PC**
*Attorneys for Defendants*
*The City of Syracuse School District, et. al.,*
5010 Campuswood Drive
East Syracuse, New York 13057
Telephone: (315) 437-7600
Fax: (315) 437-7744
E-mail: csymons@ferrarafirm.com